GRIFFIN, Circuit Judge,
concurring.
I join in the majority opinion because our precedent currently requires a plaintiff bringing a discrimination claim under the ADA to show that her disability was the “sole reason” for the adverse employment *882 action. See Jones v. Potter, 488 F.3d 397, 403 (6th Cir.2007); Hedrick v. W. Reserve Care Sys., 355 F.3d 444, 452 (6th Cir.2004); Monette v. Elec. Data Sys. Corp., 90 F.3d 1173, 1178 (6th Cir.1996). Because that precedent is binding on this panel, the majority correctly concludes that we are compelled to affirm the judgment of the district court. Salmi v. Sec’y of Health & Human Servs., 774 F.2d 685, 689 (6th Cir.1985); see also 6th Cir. R. 206(e) (explaining that “[r]eported panel opinions are binding on subsequent panels”). I write separately because our precedent on this issue of exceptional importance is misguided and contrary to the overwhelming authority of our sister circuits. Accordingly, the question appears appropriate for rehearing en banc. See Fed. R.App. P. 35(b)(1)(B).
We lifted the “sole reason” requirement from the Rehabilitation Act’s “solely by reason of her or his disability” language, see 29 U.S.C. § 794(a), and imported it into the ADA, reasoning in a footnote in Maddox v. University of Tennessee, 62 F.3d 843 (6th Cir.1995), that “[t]he analysis of claims under the Americans -with Disabilities Act roughly parallels those brought under the Rehabilitation Act.” Monette, 90 F.3d at 1177-78 (citing Maddox, 62 F.3d at 846 n. 2). As a super-majority of our sister circuits have held, however, the plain language of the ADA does not support application of the Rehabilitation Act’s “sole reason” standard. See Pinkerton v. Spellings, 529 F.3d 513, 518-19 & n. 30 (5th Cir.2008) (collecting cases); see also Macy v. Hopkins County Sch. Bd. of Educ., 484 F.3d 357, 364 n. 2 (6th Cir.2007) (“It appears that every other circuit save one that has addressed the issue has held that an employee may recover under the ADA if the employee’s disability was a ‘motivating factor’ in the employer’s decision, and that the employee need not establish that he or she was fired ‘solely’ because of his or her disability.”).
In construing a statute, “[i]t is elementary that the meaning ... must, in the first instance, be sought in the language in which the act is framed, and if that is plain, and if the law is within the constitutional authority of the lawmaking body which passed it, the sole function of the courts is to enforce it according to its terms.” Caminetti v. United States, 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917); accord United States v. Washington, 584 F.3d 693, 695 (6th Cir.2009). “If the words are plain, they give meaning to the act, and it is neither the duty nor the privilege of the courts to enter speculative fields in search of a different meaning.” Caminetti, 242 U.S. at 490, 37 S.Ct. 192. Indeed, the Supreme Court has admonished “time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.” Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 296, 126 S.Ct. 2455, 165 L.Ed.2d 526 (2006) (citation and internal quotation marks omitted).
Here, the ADA prohibits discrimination “on the basis of disability,” 42 U.S.C. § 12112(a), (formerly “because of’) and “by reason of such disability,” id. at § 12132. Our sister circuits have observed that, among other things, these provisions “do not contain the word ‘solely,’ or any other similar restrictive term,” McNely v. Ocala Star-Banner Corp., 99 F.3d 1068, 1073 (11th Cir.1996), and that “[t]he elimination of the word ‘solely’ from the causation provision of the ADA suggests forcefully that Congress intended the statute to reach beyond the Rehabilitation Act to cover situations in which discrimination on the basis of disability is one factor, but not the only factor, motivating an adverse employment action,” Parker v. Columbia Pic *883 tures Indus., 204 F.3d 326, 337 (2d Cir.2000). I agree with these courts and were I allowed, I would hold that our “sole reason” standard is contrary to the plain language of the ADA.